UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                              Case No. 16-MC-50398

v.

                                              Hon. John Corbett O'Meara

JEROME BIESZCZ,

    Defendant,

and

STATE OF MICHIGAN
DEPARTMENT OF TREASURY,

    Garnishee.
_____/

**ORDER DENYING DEFENDANT'S REQUEST
FOR HEARING AND CLAIM FOR EXEMPTIONS**

This is a miscellaneous matter in which the government has filed an application for writ of continuing garnishment. Defendant Jerome Bieszcz was convicted of violating 18 U.S.C. § 922(g) (felon in possession of a firearm) and other weapons charges on December 21, 2006. He was sentenced to 96 months in prison and ordered to pay $72,817 in restitution. See Case No. 06-20320, Docket No. 30.

The government is attempting to collect Defendant's restitution obligation pursuant to the Federal Debt Collection Procedure Act, 28 U.S.C. § 3201, *et seq.* The government has served a writ of continuing garnishment on the Michigan Department of Treasury for any income tax refunds due to Defendant.  Defendant has filed a request for hearing and claim for exemptions.

Under the circumstances presented here, the issues to be considered at a hearing are limited by § 3202(d) to (1) the probable validity of any claim of exemption, or (2) the government's compliance with statutory requirements. 28 U.S.C. § 3202(d).  Defendant does not argue that the government failed to comply with statutory requirements.  Further, his asserted exemptions (wearing apparel, personal effects, books, unemployment benefits, mail, and wages) do not include or encompass income tax refunds.   Defendant's claim for exemptions is not valid on its face.

Defendant's objections –  (1) he is making regular monthly payments, and (2) that he is in default of a civil judgment – are also not valid under 28 U.S.C. § 3202(d). See United States v. Miller, 588 F. Supp.2d 789, 796-97 (W.D. Mich. 2008) (finding periodic payments do not insulate defendant from garnishment). Because Defendant has not presented a legal basis to object to the garnishment pursuant to § 3202(d), a hearing is not required.  See Miller, 588 F. Supp.2d at 797

("courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation")

Therefore, IT IS HEREBY ORDERED that Defendant's request for hearing about the garnishment and claim for exemptions is DENIED.

s/John Corbett O'Meara<br>United States District Judge

Date:  June 15, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 15, 2016, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager